LATORRE, APPELLANT, *v.* REGISTRAR OF MAYAGÜEZ, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Partition.

No. 239.—Decided June 24, 1916.

PARTITION—INHERITANCE—CONVEYANCE IN PAYMENT OF DEBTS—ALIENATION—MINORS—APPROVAL OF COURT.—Whether made in favor of heirs or of creditors, a conveyance of property in the partition of an estate for the payment of debts or the fulfilment of obligations is a true act of alienation and when real property in which minors are interested is involved the previous approval of the court is required.

The facts are stated in the opinion.

*Mr. José Benet* for the appellant.

The acting registrar appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By public deed No. 86, executed before Notary Mariano Riera Palmer in the city of Mayagüez on February 9, 1911, Julio N. Laabes, surviving husband of Josefa Nicolasa Rivera, and Pedro Francisco Batlle, as defensor of the minors Carlos Maximiliano Julio and Monserrate Mercedes Laabes y Rivera, legitimate children of Julio N. Laabes and Josefa Nicolasa Rivera, proceeded by agreement to partition the estate of Josefa Nicolasa Rivera, who died intestate, and two rural properties situated in the ward of Mayagüez-arriba of the municipal district of Mayagüez, which formed part

of the said estate and were mortgaged to Josefa Mestre y Castelar, to secure the sum of $1,290, were conveyed to the widower for the payment of the said mortgage debt, he being under obligation to pay to the heirs, his children, in equal parts, the sum of $360, the value of the properties over and above the amount of the said mortgage debt, Laabes having waived his right of usufruct in a part of the estate in favor of his children.

The said deed having been presented in the Registry of Property of Mayagüez, the registrar denied it admission to record for the reasons stated in the following decision:

"After considering the accompanying documents, the foregoing instrument is denied admission to record, because while apparently it involves only a partition of an estate, it really carries with it the alienation or conveyance to Julio N. Laabes, the father of the minor's Carlos Maximiliano Julio and Monserrate Mercedes Laabes, of the real property which they inherited from their mother; and if the two rural properties conveyed by the instrument were recorded directly in the name of Julio N. Laabes, as requested, it would result (1) that there would be no previous record of the property valued at $360 in favor of the said minors who inherited the same from their mother, and (2) that in the conveyance of the said property to their father the statutory provisions regulating the sale of real property belonging to minors had not been complied with. In lieu of the record a cautionary notice has been entered, etc."

This decision is submitted to our consideration in an administrative appeal taken therefrom by José Benet, attorney for Cristino Latorre, the judicial administrator of the estate of Julio N. Laabes.

In deciding an appeal from a decision of the District Court of Arecibo in *Ex parte José Genaro Sotomayor* on this same date, June 24, 1916, we laid down the doctrine that the conveyance of property in the partition of an estate for the payment of debts or the fulfilment of obligations, whether to the heirs or to the creditors, constitutes an act of alienation which, when involving real property in which minors

are interested, must first receive the authorization of the court.

As the registrar correctly holds, this case involves the alienation or transfer to Julio N. Laabes, the father of the minor heirs Carlos Maximiliano Julio and Monserrate Mercedes Laabes, of the real property which they inherited from their mother, without the required authorization of the court having first been obtained.

The decision is

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.